Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA E. KUCK, | |
| Plaintiff, | Case No.: 1:25-cv-14139 |
| v. | Judge Lindsay C. Jenkins |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Daniel P. McLaughlin |
| Defendants. | |

**AMENDED COMPLAINT**

Plaintiff, SANDRA E. KUCK ("Kuck" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "XinZao1999_poster" the Partnerships and Unincorporated Associations identified on Amended Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Amended Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Venue is proper in any district in which Defendant resides or may be found which

---

[1] Attached hereto as **Exhibit 2** is a redline version of this Amended Complaint.

1

includes any district in which it would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). ~~Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.~~

**INTRODUCTION**

~~3.~~     Plaintiff, Sandra E. Kuck, is the owner of the federal copyright registration~~s~~ that protect~~s~~ the creative content of Plaintiff's illustration~~s~~. Plaintiff is an artist whose style can best be described as romantic realism. Her nostalgic settings, angelic children, and lyrical compositions evoke memories and emotions of childhood.

4.~~3.~~     ~~This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling~~

2

~~unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.~~

~~5.~~4. Plaintiff is the owner of United States Copyright Registration No~~s~~. ~~VA 2-361-008; VA 2-361-874; VA 2-362-311; VA 2-361-021; VA 2-362-325; VA 2-362-329; VA 2-361-028; and~~ VA 2-361-009 (the "Sandra Kuck Work~~s~~") and the registration~~s~~ is~~are~~ attached hereto as **Exhibit 1**. Upon information and belief, the copyright~~s~~ ha~~ve~~s an effective date~~s~~ that predate~~s~~ the Defendant~~'s~~'s acts of copyright infringement.

5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district.

~~6. In an effort to illegally profit from the creative content of the Sandra Kuck Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Sandra Kuck Products.~~

~~7.~~6. ~~The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.~~ Plaintiff is forced to file

3

this action to combat Defendant's piracy of the Sandra Kuck Works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7. Plaintiff, SANDRA E. KUCK, is the owner of the Copyright Registrations that protects the creative content of the Sandra Kuck Works. Kuck is an artist whose style can best be described as romantic realism. With vibrant color, delicate lighting, exquisite detail, and elegant technique, she creates a peaceful, romantic atmosphere which uniquely captures the simplicity, beauty, and tenderness of days gone by. Plaintiff has received numerous awards over the course of her career, including eight National Association of Limited Edition Dealers' Artist of the Year Award, 1991 International Collectible Artist of the Year, and US Art Magazine's Print Hall of Fame. Information about the Sandra Kuck Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-361-009 | July 19, 2023 | Tea with Kitty | |

8.

9. 8. Kuck has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Sandra Kuck Works. As a result, products associated

4

with the Sandra Kuck Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Sandra Kuck Products").



https://lookinggoodlicensing.com/Artists/sandra-kuck-portraits/?portfolioCats=244#https://lookinggoodlicensing.com/Artists/sandra-kuck-angels-fairies/?portfolioCats=245%2C246%2C247%2C248

10.9. Plaintiff is the owner of the United States Copyright Registrations that covers the Sandra Kuck Works. The Registrations areis valid, subsisting, and in full force and effect. A Ttrue and correct copyies of the registration certificates for the Sandra Kuck Works areis attached hereto as **Exhibit 1**.

11.10. In an effort to illegally profit from the creative content of the Sandra Kuck Works, Defendants hasve created numerous the Defendant Internet Stores and hasve designed them it to appear to be selling authorized Sandra Kuck Products. Upon information and belief, Defendants

5

facilitates sales by designing the Defendant Internet Stores so that itthey appears to unknowing consumers to be an authorized online retailers, outlet stores, or wholesalers selling genuine Sandra Kuck Products.

12.11. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Sandra Kuck Works.

13.12. The success of the Sandra Kuck Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14.13. As a result of Plaintiff's efforts, the quality of the Sandra Kuck Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Sandra Kuck Works and associate it them exclusively with Plaintiff.

15.14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Sandra Kuck Works. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Sandra Kuck Works without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANT'S² UNLAWFUL CONDUCT**

16.15. Defendant is ans are individuals and/or business entityies who, upon information and belief, reside in the People's Republic of China or another foreign jurisdictions. Defendants conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites andthe online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and

6

continues to sell illegal Sandra Kuck Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

~~17.~~16.  Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

~~18.~~17.  The Sandra Kuck Work~~s~~ ~~are~~is an original work~~s~~ and ~~are~~ is copyrightable subject matter under 17 U.S.C. § 101 et seq.

~~19.~~18.  At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant~~s~~, as alleged hereunder, including but not limited to the Sandra Kuck Work~~s~~, including derivative works. The Sandra Kuck Work~~s~~ is~~are~~ the subject of a valid Copyright Registration Certificate~~s~~ issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Sandra Kuck Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Sandra Kuck Work or is derived from the Sandra Kuck Work:

| **Plaintiff's Sandra Kuck Work** | **Defendant's Infringing Product** |
|---|---|
|  |  |

~~20.~~21.  ~~Each~~ Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Sandra Kuck Work~~s~~. ~~Each~~

Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. ~~Each~~ Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

~~21.~~22. As a result of ~~each~~ Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

~~22.~~23. The conduct of ~~each~~ Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting ~~each~~ Defendant from further infringing Plaintiff's copyright~~s~~ and ordering that each Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant~~s~~ as follows:

1) That Defendant~~s~~, ~~their~~ its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it~~them~~ be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the Sandra Kuck Work~~s~~ or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Sandra Kuck Product or is not authorized by Plaintiff to be sold in connection with the Sandra Kuck Work~~s~~;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Sandra Kuck Works;

c. further infringing the Sandra Kuck Works and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Sandra Kuck Works, and which are derived from Plaintiff's copyrights in the Sandra Kuck Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Sandra Kuck Works;

2) For Judgment in favor of Plaintiff against Defendants that it hasthey have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's' acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

9

DATED: November 24, 2025 ~~November 19, 2025~~   Respectfully submitted,

                                                    */s/ Keith A. Vogt*
                                                    Keith A. Vogt
                                                    FL Bar No. 1036084 / IL Bar No. 6207971
                                                    Keith A. Vogt PLLC
                                                    15275 Collier Boulevard, Ste. 201-2061
                                                    Naples, Florida 34119-6750
                                                    Telephone: 312-971-6752
                                                    Email: keith@vogtip.com

                                                    ***ATTORNEY FOR PLAINTIFF***